STATE OF NORTH CAROLINA v. JAMES FREDDIE FUTRELL

No. 7810SC818

(Filed 6 February 1979)

**Narcotics § 1.1— constitutionality of Toxic Vapors Act**
    The North Carolina Toxic Vapors Act, G.S. 90-113.8A *et seq.*, which prohibits the intentional inhalation of toxic vapors for the purpose of causing certain conditions, is not void for vagueness in failing to define the conditions of "intoxication, inebriation, excitement, stupefaction, or the dulling of his brain or nervous system" or in failing to limit by definition the types of proscribed toxic vapors.

APPEAL by the State from *Preston, Judge.* Judgment entered 5 July 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 9 January 1979.

This is an appeal from an order declaring the North Carolina Toxic Vapors Act (G.S., Chap. 90, Art. 5A) unconstitutional for vagueness.

The defendant was indicted for possession of one-half gallon of paint thinner (Toluol) for the purpose of selling or offering to sell it in violation of G.S. 90-113.11 and for the purpose of inhaling it in violation of G.S. 90-113.9. Upon the defendant's motion to dismiss, the court found this statute violated the Due Process Clause of the United States Constitution and the North Carolina Constitution, art. 1, § 19 on the grounds that: (1) the statute failed to define with specificity "a condition of intoxication, inebriation, excitement, stupefaction, or the dulling of his brain, or nervous system"; (2) the statute failed to define Toluol as a toxic vapor; and (3) the statute was devoid of standards or procedures to establish any of the proscribed conditions.

The court dismissed the charges against the defendant.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*Allen and Pinnix, by John L. Pinnix, for defendant appellee.*

WEBB, Judge.

G.S. 90-113.9 provides:

No person shall, for the purpose of causing a condition of intoxication, inebriation, excitement, stupefaction, or the dulling of his brain, or nervous system, intentionally smell or inhale the fumes from any substance having the property of releasing toxic vapors or fumes; provided, that nothing in this section shall be interpreted as applying to the inhalation of any anesthesia for medical or dental purposes.

G.S. 90-113.11 prohibits offering to sell or the sale of any substance for the purpose of violating G.S. 90-113.9.

The test of whether a statute is too vague and indefinite to meet the requirements of due process is stated in *United States v. Harriss*, 347 U.S. 612, 617-18, 74 S.Ct. 808, 98 L.Ed. 989 (1954):

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.

\*     \*     \*

On the other hand, if the general class of offense to which the statute is directed is plaintly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise. (Citations omitted.) And if this general class of offenses can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction."

See also *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

We believe a person of ordinary intelligence who reads G.S. 90-113.9 can fairly understand that he or she is forbidden to smell or inhale fumes for the purpose of attaining any of the conditions described in the statute. Those conditions are "intoxication, inebriation, excitement, stupefaction, or the dulling of his brain, or nervous system." The defendant contends these terms are imprecise and subject to infinite interpretation. We believe persons of ordinary intelligence understand these words without further definition. They are used in series and we believe the ordinary man would know that in the vernacular they mean being "drunk, high or on a trip" and would know what is forbidden. We hold these words are not unconstitutionally vague.

The defendant also contends the statute is unconstitutional because it does not define toxic vapors. We do not believe any such definition is necessary. We believe it is clear to men of ordinary intelligence that they are forbidden from smelling with the intention of getting drunk or high, any vapors with the quality of causing the proscribed conditions. This is all the definition necessary to comply with the Constitution. We believe men of ordinary intelligence should have no difficulty understanding it. The defendant contends further that by not limiting by definition the types of proscribed toxic vapors the General Assembly has created a class so broad that the inhaling of steam in sufficient quantity, the smoking of tobacco, or the smelling of perfume could be covered by the statute. Indeed a similar statute was declared unconstitutional in Florida because the Supreme Court of Florida said tobacco smoking could be included in its proscription. *Linville v. State*, 359 S. 2d 450 (Fla. 1978). At its best, we would put this argument in the category described in *State v. Harriss*,

*supra*, as marginal where a doubt might arise. It is the duty of this Court to give the statute a reasonable interpretation so that the class of offenses can be made constitutionally definite. Whatever may be said of steam, perfume or tobacco, we cannot hold that persons of ordinary intelligence would say they cause people to attain the condition prohibited by the statute.

For the reasons stated in this opinion, we hold the superior court erred in declaring unconstitutional the statute in question.

Reversed and remanded.

Judges PARKER and ARNOLD concur.